**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **Willie Cal Walker,** | |
| **Plaintiffs,** | |
| **v.** | **1:05-cv-1820-WSD** |
| **United States of America,** | |
| **Defendant.** | |

**<u>ORDER</u>**

Plaintiff, Willie Cal Walker, filed this action on June 15, 2005, under the
Federal Tort Claims Act ("FTCA") for injuries he allegedly suffered in an
automobile accident with an employee of the Federal Bureau of Investigation
("FBI").[1]  (Compl. [2-1].)[2]  The Defendant, the United States, filed its Motion to
Dismiss or, in the alternative, for Summary Judgment, on March 6, 2006, claiming

---

[1]The United States Attorney for this district certified that the employee was
acting within the scope of his employment when the accident occurred (Notice by
Michael Oglesby [11]), and by order of this Court, the United States was
substituted as the Defendant in this action.  (Order Dismissing Defendant Oglesby
and Substituting the United States as Defendant [13].)

[2]Complaint [2-1] refers to the document and part as it appears on this
Court's electronic docket.  Plaintiff's complaint was filed in three parts; therefore,
the referenced page numbers refer to the numbers as they appear at the top of the
copy appearing on the electronic docket.

that Plaintiff settled and released any and all claims arising out of the accident

during the administrative claim process.  (Motion to Dismiss or, in the alternative,

for Summary Judgment ("Motion to Dismiss") [17].)  On March 7, 2006, the Clerk

of Court mailed Plaintiff a Notice to Respond to the Motion to Dismiss, informing

him that he had twenty days from the date the motion was served upon him to

respond.  (Notice to Respond to Motion to Dismiss [18].)  Plaintiff has failed to

respond to Defendant's motion.  Accordingly, under Local Rule 7.1B, the motion

is considered unopposed.  L.R. 7.1B, N.D. Ga.

## I.    <u>FACTUAL BACKGROUND</u>

On October 5, 2004, Plaintiff and Michael Oglesby, an FBI employee who

was conducting surveillance in the course of his employment, had an automobile

accident in Atlanta.  (Compl. [2-2], at 1; Motion to Dismiss, at 1.)  On

December 7, 2004, Plaintiff filed an administrative claim under the FTCA, seeking

compensation for his alleged property damages and personal injury which he claims

arose from the accident with Oglesby.  He claimed initially $4,139.51 for damage to

his automobile and did not specify an amount for his personal injury.  (Wiegand

Decl., Ex. A.)  The Plaintiff amended his claim on January 6, 2005.  He reiterated

his claim for property damages in the amount of $4,139.51 and added the amount

of $3,000 to compensate him for alleged personal injury, for total damages of
$7,434.51.  (Compl. [2-3], at 4; Wiegand Decl., Ex. A.)  On January 10, 2005,
Plaintiff increased his personal injury claim to $420 million.  (Wiegand Decl., Ex.
A.)

      Plaintiff's administrative claim was forwarded to FBI Headquarters in
Washington, D.C. for adjudication pursuant to 28 U.S.C. § 2672, and on May 11,
2005, the FBI offered the plaintiff $3,500 in settlement of his claim.
(Compl. [2-1], at 4; Wiegand Decl. ¶¶ 3, 5.)  A proposed Financial Management
Service Form 197, Judgment Fund Voucher for Payment ("FMS-197") was
forwarded to Plaintiff by which Plaintiff could accept the settlement offered.
(Wiegand Decl. ¶ 6 & Exs. B, D; Compl. [2-3], at 10-15.)  Plaintiff executed the
FMS-197 on June 7, 2005 and mailed it to the FBI.  (Wiegand Decl. ¶ 8 & Ex. D;
Compl. [2-3], at 10-15.)  Immediately above the plaintiff's signature was a general
release, entitled "Acceptance by Claimants," which provided:

> Each claimant/plaintiff and his/her . . . assigns agree to
> and do accept this settlement in full settlement and
> satisfaction and release of any and all claims, demands,
> rights, and causes of action of any kind, whether known
> or unknown, . . . arising from any and all known or
> unknown, foreseen or unforeseen bodily injuries, personal
> injuries, death, or damage to property, which they may

> have or hereafter acquire against the United States of
> America, its agents, servants, or employees, on account
> of the subject matter of the administartive claim or suit, or
> that relate or pertain to or arise from, directly or
> indirectly, the subject matter of the administrative claim or
> suit. . . .

(Wiegand Decl., Ex. D; Compl. [2-3], at 13.)  The FBI countersigned the

settlement, mailed it to the Treasury Department, and payment was made to Plaintiff

on June 27, 2005.  (Wiegand Decl. ¶¶ 8-10 & Ex. E, Ex. F.)   On June 15, 2005,

less than a week after Plaintiff settled his claim, this action was filed.  (Compl. [2-

1].)

## II.   DISCUSSION

### A.    Summary Judgment Standard

If the Court considers matters outside the pleadings in ruling on a motion to

dismiss, it is converted into a summary judgment motion.  Fed. R. Civ. P. 12(b);

Morrison v. Amway Corp., 323 F.3d 920, 924 (11th Cir. 2003).[3]  Summary

judgment is appropriate where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

---

[3]The Court in this case has considered the declaration of Nancy H. Wiegand
[17] and attached exhibits and thus has considered the motion as one for summary
judgment.

there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking

summary judgment bears the burden of demonstrating the absence of a genuine

dispute as to any material fact.  <u>Herzog v. Castle Rock Entm't</u>, 193 F.3d 1241,

1246 (11th Cir. 1999).  Once the moving party has met this burden, the non-movant

must demonstrate that summary judgment is inappropriate by designating specific

facts showing a genuine issue for trial.  <u>Graham v. State Farm Mut. Ins. Co.</u>, 193

F.3d 1274, 1282 (11th Cir. 1999).  The non-moving party "need not present

evidence in a form necessary for admission at trial; however, he may not merely

rest on his pleadings."  <u>Id.</u>

     The Court must view all evidence in the light most favorable to the party

opposing the motion and must resolve all reasonable doubts in the non-movant's

favor.  <u>United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.</u>, 894 F.2d 1555,

1558 (11th Cir. 1990).  "[C]redibility determinations, the weighing of evidence, and

the drawing of inferences from the facts are the function of the jury . . . ."  <u>Graham</u>,

193 F.3d at 1282.  "If the record presents factual issues, the court must not decide

them; it must deny the motion and proceed to trial."  <u>Herzog</u>, 193 F.3d at 1246.

But, "[w]here the record taken as a whole could not lead a rational trier of fact to

find for the non-moving party," summary judgment for the moving party is proper.

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Pursuant to Local Rule 7.1B, "[f]ailure to file a response shall indicate that there is no opposition to the motion."  L.R. 7.1B, N.D. Ga.  Therefore, Defendant's motion to dismiss shall be treated as unopposed.  See Welch v. Delta Airlines, Inc., 978 F. Supp. 1133, 1148 (N.D. Ga 1997) (stating that under Local Court Rule 7.1, factual and legal claims to which there is no response should be treated as unopposed).   Where "the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party." United States v. One Piece of Real Prop., 363 F.3d 1099, 1101 (11th Cir. 2004) (citing Fed.R.Civ.P. 56(e)).  Summary judgment, even when unopposed, can only be entered when "appropriate."  Id.  "[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."  Id.  (citing Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir.1988)).  "The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials."  Id.  The district court should at least review all of the evidentiary

materials submitted in support of the motion for summary judgment.  <u>Id.</u> at 1101-02.  For purposes of appeal, the district court's order granting summary judgment must also "indicate that the merits of the motion were addressed."  <u>Id.</u>  (citing <u>Dunlap</u>, 858 F.2d at 632).

     B.     <u>Legal Effect of Plaintiff's Signature on the Release</u>

Section 2672 of the FTCA authorizes government agencies to settle tort claims during their administrative claim process, and these settlements prohibit any subsequent suit by the claimant arising from the same subject matter as the administrative claim which was settled.  28 U.S.C. § 2672 (stating that acceptance by the claimant of any settlement is "final and conclusive" and shall be "a complete release of any claim against the United States . . . whose act or omission gave rise to the claim, by reason of the same subject matter").

"Although federal courts possess the inherent power to enforce agreements entered into in settlement of litigation, the construction and enforcement of settlement agreements is governed by principles of state law applicable to contracts generally."  <u>Lee v. Hunt</u>, 631 F.2d 1171, 1173-74 (5th Cir. 1980).  "The court, however, need not wrestle with the appropriate choice of law, because the fundamentals of release law, which require the application of general principles of

contracts, are the same under federal and state authorities."  Gess v. United States, 909 F. Supp. 1426, 1446-47 (M.D. Ala. 1995).

Under both Georgia and federal common law, a release is governed by the same rules as ordinary contracts in writing, and parol evidence is inadmissible to contravert or change the terms.  Wyatt v. Hertz Claim Mgmt. Corp., 511 S.E.2d 630, 632 (Ga. Ct. App. 1999) (stating Georgia law); Eatmon v. Bristol Steel & Iron Works, Inc., 769 F.2d 1503, 1517 (11th Cir. 1985) (stating that under federal law, absent "ambiguity or uncompleteness, parol evidence is not admissible and the court is restricted to the agreement itself").  "Parties to a contract are presumed to have read their provisions and to have understood the contents.  One who can read, must read, for he is bound by his contracts."  Wyatt, 511 S.E.2d at 632; see also MCC-Marble Ceramic Ctr., Inc. v. Ceramica Nuovo d'Agostino, 144 F.3d 1384, 1387 n.9 (11th Cir. 1998) (citing the proposition that "parties who sign contracts will be bound by them regardless of whether they have read them or understood them").

In this case, it is undisputed that Plaintiff accepted the settlement of $3,500, signed the FMS-197 containing the general release of claims, and retained the settlement funds.  (Wiegand Decl. ¶¶ 8-10 & Exs. D-F.)  The terms of the release

Plaintiff signed stated that he released any and all claims "of any kind, whether known or unknown, . . . arising from any and all known or unknown, foreseen or unforeseen bodily injuries, personal injuries, . . . or damage to property" that may arise from the "subject matter of the administrative claim or suit, or that relate or pertain to or arise from, directly or indirectly, the subject matter of the administrative claim or suit."  (Wiegand Decl., Ex. D; Compl. [2-3], at 13.)  Section 2672 of the FTCA states that "acceptance . . . shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States . . . by reason of the same subject matter."  28 U.S.C. § 2672; see also Citadel Corp. v. Sun Chem. Corp., 443 S.E.2d 489, 490 (Ga. Ct. App. 1994) (stating that the fact that the scope of the releases is broad does not make it ambiguous, unreasonable per se, or otherwise unenforceable).  Like Plaintiff's administrative claim which he settled, this suit seeks damages for personal injuries allegedly arising out of the automobile accident with Mr. Oglesby.  After considering the defendant's Motion for Summary Judgment on the merits and reviewing the evidentiary materials submitted in support of the motion, this Court finds that Plaintiff's claims are barred by the release he executed on June 7, 2005.

## III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the defendants Motion for

Summary Judgment [17] is GRANTED, and the instant action is DISMISSED.

**SO ORDERED** this 28th day of April, 2006.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE